In re PERRYMAN.

EASTERN OIL CO. vs SELBY OIL & GAS CO., ET AL.

Opinion rendered Sept. 26, 1907.

(104 S. W. Rep. 804).

1. *Oil Leases—Sale—Order of Confirmation.*

An order which confirms the sale of an oil and gas lease on the land of a minor is final and the court can not set it aside because of inadequacy of price or for any reason whatever except one for which equity might avoid a judicial sale.

2. *Appeal.*

In an appeal from an erroneous order which set aside the confirmation of an oil and gas lease on land of a minor because of inadequate price, the transcript contained only such proceedings as were necessary to present the jurisdiction of the court to set aside the order on such ground, and could not be affirmed on the objection that the order at sale was void for lack of guardian's petition, which the record did not show.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice Louis Sulzbacher, June 14, 1906.

Application by Legus C. Perryman, as guardian of the estate of Edith M. Perryman, a Creek minor, for permission to lease the minor's land for mining oil and gas, continued

after the removal of Perryman as guardian by his successor, Frank L. Mars. From an order setting aside an order confirming a lease to the Eastern Oil Company and providing for a lease to the Selby Oil & Gas Company and others, the Eastern Oil Company appeals. Reversed and remanded.

Edith M. Perryman is a Creek Indian minor, for whom the United States Court for the Western district, at Sapulpa, on April 20, 1904, appointed Legus C. Perryman guardian. On March 31, 1906, Perryman was removed as guardian, and Frank L. Mars appointed in his stead. She is the owner of 160 acres of land in the Creek Nation, which is involved in this appeal. On December 8, 1905, the court referred to the master in chancery and probate commissioner the petition of Legus C. Perryman, guardian, for leave to lease the land of his ward for oil and gas mining purposes, in accordance with the terms prescribed by the Secretary of the Interior under the rules of the court. The master thereafter caused to be published a notice that sealed bids would be received by him at Sapulpa up to and including March 5, 1906, for an oil and gas lease. The master, at 8 o'clock at night on March 5, 1906, publicly opened the bids, in the presence of the guardian, the bidders, and all parties interested, and publicly declared that the appellant, the Eastern Oil Company, had offered the highest and best bid for said lease, and thereupon appellant deposited with the master the bonus money in the form of a certified check in teh sum of $896, payable to the master, which check is still in the possession of the court below. Prior to the sale of the lease, it appears that the guardian, without authority or approval of the court, and under a private contract, on August 10, 1904, had executed an oil and gas mining lease on the same land, the validity of which the lessee was attempting to urge upon the court, thus causing a contest between the lessee, on the one hand, and the appellant and the guardian, on the other. A similar situation arose as to a number of other oil and gas

mining leases which were sold at the master's sale on March 5, 1906. These contested lease cases, the Edith M. Perryman case among them, were taken under advisement by the court, and on June 11, 1906, an elaborate opinion was read by the court below disapproving and holding for naught, the leases made upon private contract without authority of the court, and confirming all offers of highest bidders in the contested cases made at the master's sale of March 5, 1906, the Edith M. Perryman lease, bought by appellant, among them. The court declined to record this opinion, but in lieu thereof entered a concise order, part of which reads as follows: "The following order shall be entered in contested probate lease cases, nunc pro tunc, as of the respective dates June 11th, and conforming to the court's expressions: 'All offers of the highest bidder in the oil lease cases are confirmed.'" Immediately after the confirmation of the sales of March 5, 1906, the Barnes Investment Company, in open court, offered an advance bid upon the Edith M. Perryman lease, sold to appellant at the master's sale on March 5, 1906, and confirmed by the court. The court thereupon required that the motion to reopen the sale be reduced to writing and accompanied by a certified check; the amount offered being $179.20 more than the amount paid by appellant to the master in chancery on March 5, 1906. At 7 o'clock p. m. on June 12, 1906, the court ordered the Perryman lease to be reoffered for sale at 3 p. m. the next day, without further notice than such as was given in open court to those of the parties interested who happened to be in attendance. At this sale the Selby Oil & Gas Company, appellee, was the successful bidder, and on June 14, 1906, the court entered orders authorizing and approving an oil and gas mining lease covering the land of Edith M. Perryman to the said company. To these orders and to the orders of June 11th and 12th setting aside the order of confirmation on June 11th appellant excepted, and took its appeal to this court.

*George C. Butte,* for appellant.

*Frank L. Mars* and *Thompson & Smith,* for appellees.

CLAYTON, J. (after stating the facts as above). That the confirmation of sale of a lease is a final order, not subject to be set aside by the court making the order of confirmation, even during the term at which it was made, except for a cause which in equity would avoid a like sale between private parties, is decided by the Circuit Court of Appeals for the Eighth Circuit, in the case of Morrison et al. vs Burnette (at its May term, 1907) 154 Fed. 617. The court say: "A successful bidder under an order or decree of court at a sale which is subject to confirmation by the court is a purchaser from the announcement of the sale to him by the officer, and may thereafter be compelled to complete his purchase. Before confirmation a sale will not be set aside for mere inadequacy of price, unless it is very great; yet, if the inadequacy be great, slight circumstances of unfairness in the conduct of the party benefited will be sufficient to open it for farther bids. After confirmation of a judicial sale the rights of the purchaser have vested. Neither inadequacy of price nor offers of higher prices, nor anything but fraud, mistake, accident, or some other cause for which equity would avoid a like sale between private parties, will warrant a court in avoiding the sale or in opening it for other bids." As the sale of the lease in this case to the Eastern Oil Company, the appellant, was, after confirmation, set aside on the sole ground of a higher price, the order was void, and the lease unaffected, and the sale afterward-made to appellee was void and conveyed no title.

But it is contended that the sale to appellant was void because the record does not show that the guardian, who executed the lease to appellant, had ever petitioned the court for an order of sale, or that a sale had been ordered by the court prior to the confirmation of the lease; and it is claimed that these are both jurisdictional, and must have preceded the order of con-

firmation, else it would be void. This contention is simply an afterthought. The order of sale was not set aside because of that. There was no direct attack upon it for any reason other than that expressed by the court in its order setting the sale aside, as follows: "It appearing to the court that higher and better bids could be had whereby the minor would be largely benefited, and the court considering that all the proceedings are still in the breast of the court, all properties mentioned in the order of this forenoon confirming the sales are vacated." But while it is true that the petition for sale of the lease is not set out in the transcript, there is enough appearing from the record to show that it was filed and acted upon. The master mentions it in his report. He says: "Comes now Thomas A. Sanson, master in chancery of this court, to whom was referred the petition of the guardian filed herein asking permission of the court to lease the lands of his ward, Edith M. Perryman. * * *" The report then shows that sworn witnesses were examined, the sale of the lease advertised, the bids offered, showing the appellant to have been the highest and best bidder, and at the sale the master made public announcement of that fact, and recommends the execution of the lease, and the sale of the lease thus made was duly approved and confirmed. It is true that the order of sale itself, if there were one, does not appear in the transcript of the record. But why should it appear there? The decree of the court below was not attacked on that ground. No proof has ever been offered or adjudication had upon that issue, and as a report of sale and its confirmation is prima facie evidence of a valid sale, and the jurisdiction of the court presumed, the sale cannot be set aside upon a collateral attack of this kind. The transcript of the record does not purport to bring up the whole of the proceedings. The certificate of the clerk to the transcript is as follows: "I, R. P. Harrison, clerk, * * * do hereby certify that the above and foregoing is a true and correct

transcript of certain parts of the record and proceedings had in the matter of the guardianship," etc.  Certain parts of the record only were sent up; that is, those parts which were deemed necessary to an understanding of the case upon the issue tried below, and, as the only issue there tried was upon the question of a higher bid, the order of sale could throw no light upon it, and therefore for that reason it may have been left out, as other parts of the record unquestionably were.  And yet we are asked here to change the rule of the law, and to assume that the court was without jurisdiction, and that without proof, and upon a question raised here for the first time.

An effort is made in appellee's brief to show that the court might have exercised its discretionary powers and set aside the sale because there was a gross inadequacy of the appellant's bid, because of the fact that the bond required of the guardian upon the appellant's bid was $2,000, while that required by the appellee's bid was $13,250.  The answer to this is that "Neither inadequacy of price nor offers of higher price   *   *   *   will warrant a court in avoiding the sale, or in opening it for other bids."   Morrison et al. vs Burnette, supra.

For the reasons above stated it is our opinion that the court below was without jurisdiction to set aside the sale of the lease to appellant; and therefore the decree of the court below setting aside the order, confirming the sale of the lease to appellants, and ordering a resale, is reversed, and the cause remanded, with instructions that the petition of the appellee be disallowed, and the order confirming the sale of the lease to appellant be the final order therein.

GILL, C. J., and TOWNSEND and LAWRENCE, JJ., concur.